FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 OCT 12 PM 5:41

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| CHERECE JOHNSON, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 05-2029-Ma/An |
| WEST TENNESSEE DETENTION FACILITY, et al., | X X X X | |
| Defendants. | X X X | |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER DENYING MOTION FOR RESTRAINING ORDER AS MOOT
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Cherece Johnson, Bureau of Prisons registration number 19587-076, a resident of Rialto, California, who was formerly confined as an inmate at the West Tennessee Detention Facility (WTDF),[1] filed this complaint on the form used for actions under 42 U.S.C. § 1983. Because Johnson was confined as a federal prisoner, however, the Court construes that complaint as complaint under Bivens v. Six Unknown Fed. Agents, 403 U.S. 388 (1971). Johnson paid the filing fee.

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

On November 12, 2004, Johnson filed this complaint in the United States District Court for the Middle District of Tennessee naming the West Tennessee Detention Facility (WTDF) CCA as the defendant.[2] The WTDF is a private correctional facility owned an operated by Corrections Corporation of America (CCA). On December 14, 2004, Johnson filed an amended complaint which added the United States of America, the United States Marshal Service, and John Does as defendants. The Clerk of Court shall record the defendants as the Corrections Corporation of America and the United States of America.

On November 29, 2004, Johnson filed a motion for appointment of counsel, which included notice of her change of address. A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent herself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is

---

[2] United States District Judge John T. Nixon transferred the complaint to this district court on January 15, 2005.

whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

The Court concludes that an appointment of counsel is not warranted. As explained below, plaintiff's complaint is to be dismissed; therefore her motion for appointment of counsel is DENIED.

On December 14, 2004, plaintiff filed a motion for a restraining order "prohibiting [the defendants] from taking retaliatory actions against [her] or imposing punishment upon [her] for the filing of the complaint and amended complaint in this Court." The plaintiff is no longer incarcerated at the WTDF and alleges no facts revealing any probability that she will again find herself confined at the WTDF. Therefore, her motion for a restraining order is DENIED as moot. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Peck v. Mortimer, 650 F.2d 929, 930 (8th Cir. 1981); see Forbes v. Trigg, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); Thompson v. Smith, 719 F.2d 938, 940-41

3

(8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner had been transferred to another prison).

Johnson sues CCA and the United States for inadequate medical care during her incarceration at the WTDF, specifically, for injuries sustained in a fall from a top bunk on April 4, 2004, for a gastrointestinal disturbance, and for improperly prescribed medication. Johnson alleges in the amended complaint that she was injured during an inmate fight on December 10, 2004. She alleges that unnamed officers failed to intervene to break up the fight. She further alleges that she was locked in a cell on March 31, 2004, with a member of the opposite sex, an act which aggravated her pre-existing post-traumatic stress disorder.

The United States can be sued only to the extent to which it has waived its sovereign immunity. <u>United States v. Orleans</u>, 425 U.S. 807, 814 (1976); <u>Feyers v. United States</u>, 749 F.2d 1222, 1225 (6th Cir. 1984); <u>Ecclesiastical Order of the Ism of Am, Inc. v. Chasin</u>, 653 F. Supp. 1200, 1206 (E.D. Mich. 1986). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed by Congress. <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>Johnson v. Hubbard</u>, 698 F.2d 286, 290 (6th Cir. 1983); <u>Jahn v. Regan</u>, 584 F. Supp. 399, 406 (E.D. Mich. 1984).

An action under <u>Bivens</u> cannot be brought against the United States. Rather, the Federal Tort Claims Act (FTCA) is the exclusive remedy in tort actions against the United States. 18 U.S.C. §

4

2679(a). Peak v. Small Business Admin., 660 F.2d 375, 377 (8th Cir. 1981). The FTCA specifically excludes any remedy against the United States for "a violation of the Constitution of the United States . . . ." 18 U.S.C. § 2679(b)(2). Thus, to the extent that plaintiff sues the United States, her claims are barred by sovereign immunity. As the claims against the United States are barred by absolute and sovereign immunity, they are devoid of jurisdiction. Accordingly, the claims against the United States lack an arguable basis either in law or in fact and are, therefore, frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). As those claims are frivolous and devoid of jurisdiction, they are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and Fed. R. Civ. P. 12(h)(3).

Johnson has failed to name the individual officers and medical employees who committed the acts alleged in this complaint as defendants. The Supreme Court held in Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001), that Bivens actions may not be maintained against corporate defendants. Accordingly, construing the complaint under Bivens, plaintiff fails to state a claim against defendant CCA upon which relief may be granted.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a prison conditions claim without prejudice whenever a prisoner has not demonstrated that she has exhausted her administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); Lavista v. Beeler, 195 F.3d 254 (6th Cir.

5

1999) (exhaustion requirement applies to claim alleging denial of medical care). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

> To comply with the mandates of 42 U.S.C. § 1997e(a),
>
> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001)(no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust her administrative remedies before filing suit and, therefore, she cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

This complaint is fully within the scope of § 1997e. Johnson was incarcerated when she filed the complaint. That she has been released from prison does not alter this result, because the applicability of § 1997e(a) depends on the plaintiff's status as a

6

prisoner on the date the complaint was filed. <u>Cox v. Mayer</u>, 332 F.3d 422 (6th Cir. 2003).

Johnson's complaint raises multiple issues. She has not alleged that she filed an administrative grievance on any claim presented. She does not allege that she fully exhausted her administrative remedies on any claim before filing this complaint. Ordinarily, the Court would review any attached grievances to determine whether a proper defendant was named in any grievance filed by plaintiff. Johnson does not include copies of grievances as exhibits to her complaint.

To the extent that Johnson did exhaust her administrative remedies against any unnamed defendant before filing this complaint, her allegations are insufficient to satisfy the exhaustion requirements of § 1997e(e). Because plaintiff has not demonstrated that she exhausted her administrative remedies against any proper defendant, the Court dismisses any remaining claims without prejudice under 42 U.S.C. § 1997e(a).

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). <u>Brown v. Toombs</u> also held that an appellate court must also dismiss a complaint if a prisoner

7

has failed to comply with § 1997e's exhaustion requirements. Accordingly, if a district court determines that a complaint must be dismissed for want of exhaustion, any appeal of that dismissal would also be subject to immediate dismissal.

This plaintiff seeks to present claims that are barred by sovereign immunity, devoid of jurisdiction, and unexhausted. She would not yet be able to present an issue in good faith on appeal and, thus, any appeal of this action would be frivolous. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Serv., 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff is no longer incarcerated and files a notice of appeal, she must pay the entire $255 filing fee required by 28

8

U.S.C. §§ 1913 and 1917.[3] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

IT IS SO ORDERED this 12th day of October, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[4] The district court may extend this deadline one time by thirty days if the motion to extend is filed before the expiration of the original deadline. McGore, 114 F.3d at 610.

9

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:05-CV-02029 was distributed by fax, mail, or direct printing on October 17, 2005 to the parties listed.

USA
,

Cherece Johnson
1081 N. Brierwood Avenue
Rialto, CA 92376

Honorable Samuel Mays
US DISTRICT COURT